**In the Matter of Stephen BROADY and Kathryn Lanell Broady, Debtors.**

**Hugh A. MINER, trustee in bankruptcy, Plaintiff,**

v.

**FARM CREDIT SERVICES OF NORTHWEST MISSOURI, f/k/a Production Credit Association, Bob Dunekake, Jefferson Broady, Sr. and Dorothy G. Broady, Defendants.**

**Bankruptcy No. 87–05422–SJ–DJS. Adv. A. No. 88–0399–SJ.**

United States Bankruptcy Court, W.D. Missouri, St. Joseph Division.

Aug. 15, 1988.

---

See also, Bkrtcy., 92 B.R. 389, Bkrtcy., 96 B.R. 221.

Hugh A. Miner, St. Joseph, Mo., for plaintiff.

Jefferson G. Broady, Rockport, Mo., for defendant Broady.

Bob Dunekake, Brownville, Neb., pro se.

Ray A. Ball, Warrensburg, Mo., for Farm Credit Services of Northwest Missouri, trustee.

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND FINAL JUDGMENT DENYING PLAINTIFF'S COMPLAINT FOR MARSHALING OF LIENS

DENNIS J. STEWART, Chief Judge.

The plaintiff trustee in bankruptcy seeks to invoke the doctrine of marshaling of liens with respect to some $44,750.49 currently in his custody, which, without the application of that doctrine, would be payable to the defendants Jefferson Broady, Sr. and Dorothy G. Broady. The action came on before the bankruptcy court for hearing of its merits on July 18, 1988, whereupon the plaintiff appeared personally and as his own counsel; the defendants Jefferson Broady, Sr., and Dorothy G. Broady appeared personally and by their counsel, Jefferson G. Broady, Esquire; and the debtors appeared personally. The evidence which was then adduced and the files and records in this case demonstrate the existence of the following relevant facts.

### Findings of Fact

The debtors and the defendants Jefferson Broady, Sr., and Dorothy G. Broady were jointly liable on an indebtedness to Farm Credit Services of Northwest Missouri which was secured by real property in which each couple had a half interest. That property was sold under the direction of the trustee in bankruptcy for the sum of $110,423.25. The debtors and the defendants jointly owed the sum of $65,672.76 to Farm Credit Services, which the trustee earlier paid to that secured creditor from the proceeds of the sale, leaving a balance of $44,750.49 in the trustee's hands.

It is now the contention of the trustee in bankruptcy that the bankruptcy court should deem all the monies which were paid by him to Farm Credit Services to have derived from half of the real property which belonged to the defendants Jefferson Broady, Sr., and Dorothy G. Broady, so that the entire balance in his hands will be deemed to have derived from the half owned by the debtors and thus, after the intercession of the bankruptcy, to their suc-

cessor in interest, the trustee in bankruptcy.

The constellation of claims which exists in this case purports to show that, if the monies which the trustee has on hand were treated as monies of the estate, by far the largest unsecured claims which would be paid therefrom would be that of the defendants Jefferson Broady, Sr. and Dorothy G. Broady in the sums of $234,000 and $43,-475.00. Only $4,854.56[1] in other unsecured claims would be paid through application of the monies which the trustee has currently on hand, a total of $80,095.73. The percentage of payment would be 28.36%. Accordingly, only $1,376.75 would be paid to unsecured creditors other than defendants Broady. And these figures are optimistic, excluding requests for attorney's fees and other expenses which are all but certain to be granted. If the doctrine of marshaling assets is not applied, of course, the dividends which will be paid to the general creditors will be somewhat lower than those above which would otherwise be paid.

If the currently outstanding application for attorney's fees filed by the trustee is granted in a total sum of $1,951.53, then the percentages of claims which would be paid would be further reduced. Thus, the trustee and his attorneys would figure to recover more than the general unsecured creditors other than Jefferson and Dorothy Broady. And Jefferson and Dorothy Broady would receive more if their claims were not reduced by these costs and expenses of administration.

## Conclusions of Law

■ The doctrine of marshaling of liens is a creature of equity which holds that a senior lienor may, under appropriate circumstances, be compelled to satisfy his lien against a fund in which the junior lien has no interest, in order to preserve the junior lienor's interest in a common fund. See *Meyer v. United States*, 375 U.S. 233, 84 S.Ct. 318, 11 L.Ed.2d 293 (1963). It has been held that the doctrine may be invoked by a trustee in bankruptcy as a junior lienor. *In re Jack Green's Fashions for Men Big and Tall, Inc.*, 597 F.2d 130, 133 (8th Cir.1979). Invocation of this doctrine, however, depends upon equitable considerations. In the *Jack Green's Fashions for Men Big and Tall, Inc.*, case *supra*, for instance, the court of appeal observed that, without application of the doctrine, the general creditors would recover nothing. That, as observed above, is not the case at bar, in which there would still be a dividend for the general unsecured creditors even without marshaling of liens. Further, if the doctrine of marshaling of liens were applied, the unsecured total monies made available to general creditors *other* than Jefferson Broady, Sr. and Dorothy G. Broady would be $1,376.75. The attorney's fees requested by the trustee are $1,951.53. It appears from these figures that the principal benefit derived from applying the doctrine of marshaling assets would redound to the trustee and his attorney. Decisional authority inveighs against such a result of bankruptcy estate administration. "Clearly the purpose of the Bankruptcy Act was to benefit creditors and debtors, not trustees." *In re Kokoszka*, 479 F.2d 990, 995 (2nd Cir.1973), affirmed *sub. nom. Kokoszka v. Bedford*, 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974). See also *Matter of Melvin*, 64 B.R. 104, 105 (Bkrtcy.W.D.Mo. 1986), to the following effect:

"In the meantime, the court should decline to permit the trustee in bankruptcy to recover such a minimal amount that it could only be used to pay attorney's fees for the trustee. It is to be remembered that 'the purpose of the Bankruptcy Act was to benefit creditors and debtors, not trustees.' *In re Kokoszka*, 479 F.2d 990, 996 (2d Cir.1973). Accordingly, if the estate is in a position whereby 'non-exempt assets will be entirely eaten up by administration costs, leaving [little or] nothing for creditors, (a debtor can move the bankruptcy court for an order of abandonment.' *Id.*, 'There is no sense

---

1. According to the court's review of the current claims register, the only unsecured claims, other than those of Jefferson Broady, Sr., and Dorothy G. Broady, which have not been paid are those of the County Collector of Atchison County in the sum of $660.40 and of Morris G. Westfall in the sum of $4,194.16.

in taking a small sum from the bankrupt debtor ... if there is to be no value to the creditors.' "

■ There is, further, another significant factor in the action at bar which bears strongly on the equities and which militates against using the doctrine of marshaling of liens. The court is aware from the appearance and demeanor of the witnesses in the hearing that there is considerable animosity between the debtors, on the one hand, and the parents of Stephen Broady, the defendants Jefferson Broady, Sr. and Dorothy G. Broady on the other hand. In view of that animosity, it does not seem fitting to employ the doctrine of marshaling of liens when its employment will have the effect of having the parents, in substance, pay the unsecured debts which have been incurred and scheduled solely by the debtors. Such a measure cannot be of any legal benefit to the debtors, whose unsecured debts will be discharged, regardless of the extent to which they are paid out of the estate.[2] And it, of course, cannot benefit the creditors, according to the foregoing analysis, to any considerable extent. In fact, the move almost seems calculated simply to penalize the creditors Jefferson Broady, Sr. and Dorothy G. Broady and thereby to increase the rancor between them and the debtors.[3]

Under such circumstances, this court declines to exercise its equitable powers to invoke the doctrine of marshaling of liens. It is therefore, hereby

ADJUDGED that plaintiff's complaint to marshal liens be, and it is hereby, denied.

See also, Bkrtcy., 92 B.R. 389, Bkrtcy., 96 B.R. 218.

---

**2.** Formerly, on August 1, 1988, this court issued its written judgment denying an objection to the debtors' discharge in bankruptcy. See *Broady v. Broady,* Adversary Action No. 88–0170 (Bkrtcy. W.D.Mo. Aug. 1, 1988).

**3.** Thus, equity would not appear to favor the employment of the doctrine of marshaling of liens.